## Park, et al. v. City of Covington.

(Decided March 2, 1920.)

### Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

Municipal Corporations—Annexation of New Territory—Finding of Chancellor—Evidence—Sufficiency.—In an annexation proceeding under a statute providing "if the court shall be satisfied that 75 per cent, or more, of the resident freeholders of the territory sought to be annexed or stricken off have remonstrated, then such annexation or reduction shall not take place, unless the court shall find from the evidence that a failure to annex or strike off will materially retard the prosperity of such city, and of the owners and inhabitants of the territory sought to be annexed or stricken off," evidence examined and held to sustain the finding of the chancellor that the failure to annex the property would materially retard the prosperity of the city and of the owners and inhabitants of the territory sought to be annexed.

STEPHENS L. BLAKELY for appellants.

A. E. STRICKLETT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal questions the propriety of a judgment of the Kenton circuit court approving the annexation of certain territory to the city of Covington.

Since the appellants constitute more than seventy-five per cent of the freeholders residing in the territory proposed to be annexed, the case is controlled by the following portion of section 3051, Kentucky Statutes.

"If the court shall be satisfied that 75 per cent, or more, of the resident freeholders of the territory sought to be annexed or stricken off have remonstrated, then such annexation or reduction shall not take place, unless the court shall find, from the evidence, that a failure to annex or strike off will materially retard the prosperity of such city, and of the owners and inhabitants of the territory sought to be annexed or stricken off. In case the court shall so find, the annexation or reduction shall take place, notwithstanding the remonstrance."

The territory proposed to be annexed lies on the north side of Twenty-seventh street, between Rogers street and Latonia avenue, and extends along Twenty-seventh street for about 2,600 feet, with an average depth of about 750 feet. For a short distance from Twenty-seventh street the land is level. Back of that it is rolling, and in the rear is quite steep. There are only three dwelling houses on the property and the land itself is used in a small way for agricultural purposes. The land is bounded on the south and east entirely, and partly on the north, by property belonging to the city. On the south side of Twenty-seventh street, and immediately opposite the territory in question, is the Milldale Land Company's subdivision, which is divided into building lots located on streets which intersect with Twenty-seventh street. Upon some of these lots buildings have been erected, and upon others buildings are in process of erection. At the points where the streets of the subdivision intersect with Twenty-seventh street, there are lights and hydrants, the latter being connected with the main of the Covington City Water Works, which is constructed under Twenty-seventh street. It was shown that the city proposes to construct a sewer under Twenty-seventh street and to pave the street with granite block, but that it is impracticable to make these improvements until the territory in question is annexed to the city. It was further shown that the improvement

of Twenty-seventh street, by the construction of a trunk sewer, the paving of the street with granite block, the construction of sidewalks and the bringing of gas into that part of the city would enhance the value of the property in that section, including the property in question, from fifty to one hundred per cent. On the other hand, the failure to annex the territory, which would prevent these improvements from being made, would not only retard the enhancement in price of the property in question, but would retard the growth and prosperity of the city on the opposite side of the street, since that portion of the city would not be built up until the improvements were made. In addition to this it was shown that the inhabitants of the territory in question enjoy the same benefits and protection from the city government that the inhabitants on the opposite side of the street now enjoy.

In view of the foregoing evidence, we see no reason to disturb the finding of the chancellor. In our opinion, the evidence makes it clear that if the annexation does not take place, the inhabitants of the surrounding territory will be denied many governmental privileges which they would otherwise enjoy, and that this will deter others from locating in that vicinity, thereby postponing the development of the surrounding territory and the territory in question, preventing its enhancement in price, and thus necessarily retarding the prosperity not only of the city, but of the owners and inhabitants of the territory sought to be annexed.

Judgment affirmed.